UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KELVIN FRANCIS | CIVIL ACTION |
| VERSUS | NO.: 10-2498 |
| OFFICER ANTHONY DUPREE, ET AL. | SECTION: "A" (4) |

**PARTIAL REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct hearings, including an Evidentiary Hearing if necessary, and to submit Proposed Findings and Recommendations pursuant to **Title 28 U.S.C. §§ 636(b)(1)(B) and (C), § 1915e(2) and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. After reviewing the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.    Factual Background**

The petitioner, Kelvin Francis ("Francis), is incarcerated in the Phelps Correctional Center.[1] On July 19, 2009, Francis was arrested for possession of marijuana and an outstanding traffic ticket.[2] Francis filed this lawsuit contending that Officer Anthony Dupree ("Dupree") used excessive force during the course of his arrest.

---

[1] Rec. Doc. No. 2, Petition. Francis was initially incarcerated at the Orleans Parish Prison. On June 21, 2010, he was transferred to the Phelps Correctional Center. *See* Rec. Doc. No. 5, Reply/Response.

[2] Rec. Doc. No. 5, Reply/Response.

Francis alleges that, while handcuffed face down in the backyard of a friend's house, Officer Dupree jumped on his back with his knees even though he was not resisting arrest. He complains that Dupree lifted him up and while escorting him to the police car, pushed, shoved, and pulled him around causing him to hit the house and fence. He complains that he was also punched several times during the arrest process. When he arrived at the Orleans Parish Prison on July 19, 2009, the nurse examined him and ordered him to be taken to University Hospital for treatment.

According to Francis, due to his injuries, he remained in the hospital for twenty-four (24) hours as a result of an order by the physician for testing and observation. Francis complains that as a result of his experience during the arrest, one year later, he continues to have mobility problems in both shoulders which prevents him from engaging in common activities. He alleges that the X-rays and MRI results are on record at University Hospital. He further complains that as a result of his incarceration, he has not been provided the opportunity to receive additional treatment, testing, or pain management. He complains that his pain is severe. He also alleges that he is due additional testing and rehabilitation for what he described as an injury to his rotator cuff. Francis seeks all reasonable costs, court fees, damages for pain and suffering, and punitive damages.

## II.   Standard of Review

Title 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding in forma pauperis upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not sua sponte dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

**III.    Analysis**

    **A.    Claim Against New Orleans Police Department**

Francis named the New Orleans Police Department as a defendant in this proceeding. However, this claim is frivolous for the reasons detailed below.

Section 1983 imposes liability on any "person" who violates someone's constitutional rights "under color of law." Title 41 U.S.C. § 1983; *see Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989). The police department is not a legal entity or person capable of being sued. *Ruggiero v. Litchfield,* 700 F. Supp. 863, 865 (M.D. La. 1988). The State of Louisiana grants no such legal status to any law enforcement office or department. *Liberty Mut. Ins. Co. v. Grant Parish Sheriff's Dep't*, 350 So. 2d 236 (La. App. 3d Cir. 1977), *writ refused*, 352 So. 2d 235 (La. 1977). The New Orleans Police Department is not a "person" for purposes of § 1983 liability.

To the extent that Francis has named the New Orleans Police Department as a separate and distinct defendant, the claim should be dismissed because the Department is not a legal entity capable

of being sued. *Atkinson v. NOPD*, Civ. Action. No. 06-5820, 2007 WL 2137793, at * 1 (July 23, 2007); *Banks*, 2007 WL 1030326, at * 11; *Manley v. State of Louisiana*, Civ. Action No. 00-1939, 2001 WL 506175, at * 2 (E.D. La. May 11, 2001). Therefore, Francis' claims against the New Orleans Police Department must be dismissed as legally frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to § 1915(e) and § 1915A.

### B. Claim Against Officer Dupree

Title 42 U.S.C. § 1997e(e) provides that "no Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

Here, Francis contends that, after being arrested, he was hospitalized at University Hospital for 24 hours after being arrested.[3] He further contends that, at the time he filed his Complaint, a year after the incident, he is limited in the mobility of both of his shoulders as believes that he requires testing and rehabilitation on his rotator cuffs.[4] Because Francis has alleged an injury as a result of Dupree's alleged excessive force, the Court finds that Francis' claims against Dupree should proceed.

### IV. Recommendation

It is therefore **RECOMMENDED** that Kelvin Francis' claim against the Orleans Parish Prison filed pursuant to Title 42 § 1983 be **DISMISSED WITH PREJUDICE** frivolous pursuant to § 1915(e) and § 1915A.

Francis' remaining claim of excessive force against Officer Anthony Dupree remain referred to the undersigned Magistrate Judge for further consideration.

---

[3] Rec. Doc. 1, Complaint.

[4] *Id.*

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[5]

New Orleans, Louisiana this 9th day of December, 2010.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[5]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.