## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

KELVIN FRANCIS                                              CIVIL ACTION

VERSUS                                                      NO.:  10-2498

OFFICER ANTHONY DUPREE, ET AL.                             SECTION:  "A" (4)

### REPORT AND RECOMMENDATION

Before the Court is a **Motion to Dismiss Pursuant to Rules 12(B)(6) and 12(B)(5) (R. Doc. 15)** which was referred to a United States Magistrate Judge to conduct hearings, including an Evidentiary Hearing if necessary, and to submit Proposed Findings and Recommendations pursuant to **Title 28 U.S.C. §§ 636(b)(1)(B) and (C), § 1915e(2) and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**.  After reviewing the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

I.     **Factual Background**

The petitioner, Kelvin Francis ("Francis), is incarcerated at the C. Paul Phelps Correctional Center.[1]  On July 19, 2009, Francis was arrested for possession of marijuana and an outstanding traffic

---

[1]Rec. Doc. No. 1, Petition.  Francis was initially incarcerated at the Orleans Parish Prison.  On June 21, 2010, he was transferred to the Phelps Correctional Center.  *See* Rec. Doc. No. 5, Reply/Response.

ticket.[2]  Francis filed this lawsuit contending that Officer Anthony Dupree ("Dupree") used excessive force during the course of his arrest.

Francis alleges that, while handcuffed face down in the backyard of a friend's house, Officer Dupree jumped on his back with his knees even though he was not resisting arrest.  He complains that Dupree lifted him up and while escorting him to the police car, pushed, shoved, and pulled him around causing him to hit the house and fence.  He complains that he was also punched several times during the arrest process.  When he arrived at the Orleans Parish Prison on July 19, 2009, the nurse examined him and ordered that he be taken to University Hospital for treatment.

According to Francis, due to his injuries, he remained in the hospital for twenty-four (24) hours by order of a physician for further testing and observation.  Francis complains that as a result of his experience during the arrest, one year later, he continues to have mobility problems in both shoulders which prevents him from engaging in common activities.  He alleges that the X-rays and MRI results are on record at University Hospital.  He further complains that as a result of his incarceration, he has not been provided the opportunity to receive additional treatment, testing, or pain management.  He complains that his pain is severe.  He also alleges that he is due additional testing and rehabilitation for what he described as an injury to his rotator cuff.

Francis filed his Complaint against Officer Dupree and the New Orleans Police Department for pain and suffering and punitive damages.  He also seeks all reasonable costs, including court fees.

On December 9, 2010, the undersigned issued a Partial Report and Recommendation recommending dismissal of Francis's claims against the New Orleans Police Department.[3]  On January

---

[2]Rec. Doc. No. 5, Reply/Response.

[3]Rec. Doc. 6.

21, 2011, the District Judge adopted the recommendation and reserved the claim against Dupree for further consideration.[4]

Thereafter, on February 11, 2011, the City of New Orleans filed the subject motion seeking to dismiss the Plaintiff's allegations against Officer Dupree.  The City of New Orleans contends that Francis's claims against Officer Dupree are prescribed and therefore should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).  Further, the City of New Orleans alleges that Dupree has not been personally served and therefore, all claims against him should be dismissed pursuant to Rule 12(b)(5).

## II.   Standard of Review

### A.   Motion to Dismiss Pursuant to Rule 12(b)(6)

Federal Rule of Civil Procedure ("Rule") 12(b)(6) provides that, in response "to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim" the pleader may raise by motion the defense of "failure to state a claim upon which relief may be granted." Fed.R.Civ.P. 12(b)(6).  In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464 (5th Cir.2004)(*quoting Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999).

"[T]he plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face'" in order to survive a Rule 12(b)(6) motion to dismiss.  *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* at

---

[4]Rec. Doc. 10.

1965 (quotation marks, citations, and footnote omitted).[5]  Pursuant to Rule 12(b)(6), the Motion to Dismiss shall be treated as a motion for summary judgment.

### B.    Standard of Review Pursuant to Rule 12(b)(5)

In resolving a motion pursuant to Rule 12(b)(5), the Court must determine whether the summons itself is sufficient and whether service of that summons was properly made.  If process has not been properly served on a defendant, the district court has broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process.  *Amous v. Trustmark National Bank*, 195 F.R.D. 607, 610 (N.D. Miss. 2000)(*citing Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992)).  Dismissal of the Complaint itself is inappropriate where there exists a reasonable prospect that service may be obtained.  *Id.*

### III.   Analysis

### A.    Dismissal Pursuant to Rule 12(b)(6)

The City of New Orleans contends that Francis' claims against Officer Dupree have prescribed.  The City of New Orleans alleges that a one year statute of limitations is applicable.  It contends that Francis's alleged injuries occurred on July 19, 2009.  However, his suit was not filed until August 17, 2010, over one year after his purported injuries.

---

[5] Judge Duval noted in *In re Katrina Canal Breaches Consol. Litigation*, No. 05-4182, 2008 WL 4449970 (E.D. La. Sept. 29, 2008) that the Supreme Court abrogated the often cited "no set of facts" language in *Conley*, commenting that the case has been frequently mis-characterized as setting forth a minimum pleading standard when it was simply "describ[ing] the breadth of opportunity to prove what an adequate complaint claims." *Twombly,* 127 S.Ct. at 1968. In other words, the *Twombly* court reads *Conley* as standing for the proposition that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* (citing *Sanjuan v. American Bd. of Psychiatry and Neurology,* 40 F.3d 247, 251 (7th Cir.1994)(once a claim for relief has been stated, a plaintiff "receives the benefit of imagination, so long as the hypotheses are consistent with the complaint"). Thus, rejecting the *Conley* "no set of facts" test, the *Twombly* court employs a plausibility standard for scrutinizing the sufficiency of pleadings in the context of a Rule 12(b)(6) motion.

Because there is no federal statute of limitations for § 1983 claims, the district court looks to the forum state's statute of limitations for personal injury claims.  *Board of Regents of Univ. of New York v. Tomanio*, 446 U.S. 478, 483 (1980) (citing 42 U.S.C. § 1988); *Wilson v. Garcia*, 471 U.S. 261, 275 (1985) (§ 1983 actions are best characterized as personal injury actions); *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998) (citing *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994)).  In Louisiana, personal injury claims are governed by La. Civ. Code Art. 3492, which provides for a prescriptive period of one year from the date of injury or damage.[6]  *See Jacobsen*, 133 F.3d at 319 (citing  *Elzy v. Roberson*,  868 F.2d 793, 794 (5th Cir. 1989)).

For purposes of calculating the limitations period, a § 1983 cause of action accrues when the plaintiff knows or has reason to know of the injury which forms the basis of his action.  *Id*., at 319; *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).  In this case, Francis's cause of action arises out of the alleged excessive force used during his July 19, 2009 arrest.  Applying the prescriptive period, Francis had one year from that date, or until July 19, 2010, to timely file his § 1983 petition.

The record in this case reflects that Francis' complaint was filed by the Clerk of Court on August 17, 2010, when pauper status was granted.  (*See* R. Doc. 1.)  The Fifth Circuit, however, has recognized that a "mailbox rule" applies to pleadings submitted to federal courts by prisoners acting pro se.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes.  *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  Here, Francis dated his signature on the petition on July 19, 2010.

---

[6]Article 3492 provides that: "[d]elictual actions are subject to a liberative prescription of one year.  This prescription commences to run from the day injury or damage is sustained.  It does not run against minors or interdicts in actions involving permanent disability and brought pursuant to the Louisiana Products Liability Act or state law governing product liability actions in effect at the time of the injury or damage."

This is presumed to be the earliest date on which he could have delivered the set of documents to prison officials for mailing to a federal court.

As noted above, Francis's claims brought in this § 1983 action accrued on July 19, 2009. Therefore, Francis had one-year from that date, or until July 19, 2010, to file his suit in accordance with La. Civ. Code art. 3492 as applicable to § 1983 *et seq.*  Pursuant to the mailbox rule, he did so. Therefore, the City of New Orleans's motion, insofar as it seeks to dismiss Francis's claims against Anthony Dupree pursuant to Rule 12(b)(6), should be denied as the petition is timely filed.

### B.    Dismissal Pursuant to Rule 12(b)(5)

The City of New Orleans contends that Francis failed to effectuate proper service on Dupree such that his claims should be dismissed.  The City of New Orleans contends that Dupree was not served personally, and instead service on him was made and accepted by Kimlin Lee at City Hall in New Orleans, at 1300 Perdido Street, New Orleans, Louisiana 70112 on December 20, 2010.

Under Rule 4(e)(2), a plaintiff may serve an individual in a judicial district of the United States by (1) delivering a copy of the summons and complaint to the individual personally; (2) leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or (3) delivering a copy of the summons or complaint to an agent authorized by appointment or by law to receive service of process.  Fed.R.Civ.P. 4(e)(2). Additionally, the Rules provide that an individual may be served pursuant to the "state law for serving a summons in an action brought in courts of general jurisdiction in the "state where the district court is located or where service is made."  Fed.R.Civ.P. 4(e)(1).

Under Louisiana law, the plaintiff may analogously serve an individual with either: (1) personal or (2) domiciliary service.  La. C. Civ. P. Art. 1231.  Article 1232 of the Louisiana Code of

Civil Procedure provides that a plaintiff effectuates personal service by tendering "the citation or other process to the person to be served." La. C. Civ. P. Art. 1232. Similarly, a plaintiff effects domiciliary service by leaving "the citation or other process at the dwelling house or usual place of abode of the person to be served with a person of suitable age and discretion residing in the domiciliary establishment." La. C. Civ. P. Art. 1234. Therefore, the Louisiana Code of Civil Procedure provides for the same means of service of individual under the Federal Rules.

Here, Dupree was served by a U.S. Marshal at 1300 Perdido Street, the address of the City Hall of New Orleans. Therefore, he was not served personally nor was he served at his residence or usual place of abode. Thus, service was improper.

The terms of Federal Rule of Civil Procedure 12(b)(4) permit a defendant to challenge insufficient service of process by motion. Ordinarily, a plaintiff must properly serve all defendants within 120 days of filing the complaint. Fed.R.Civ.P. 4(m). However, when a court grants a plaintiff leave to proceed *in forma pauperis* ("IFP"), the plaintiff is entitled to have service effected by as US Marshal or another person specially appointed by the Court. *See Lindsey v. United States R.R. Retirement Bd.,* 101 F.3d 444, 446 (5th Cir.1996); *Graham v. Satkoski,* 51 F.3d 710, 713 (7th Cir.1995). *See also Walker v. Navarro County Jail,* 1997 WL 42523, No. 3:91-CV-1690-D (N D.Tex.1997). A case in which a plaintiff is proceeding IFP is not considered filed until the date the court grants leave to proceed IFP. *See Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir.1998). If the 120 day time limit expires, the court shall dismiss the action without prejudice or direct service to be effected within a specified time. *Id.* If a plaintiff shows good cause for not effecting timely service, the court may extend the time for service for an appropriate period. *Id*

IFP status was not granted until August 17, 2010.  Therefore, the 120 day service period expired on December 15, 2010.  Dupree was not served at City Hall until December 20, 2010, five (5) days after the expiration of the service period under the Federal Rules.  As such, dismissal is appropriate pursuant to Rule 12(b)(5).

## IV.   Recommendation

It is therefore **RECOMMENDED** that the **MOTION TO DISMISS PURSUANT TO RULES 12(B)(6) AND 12(B)(5) (R. Doc. 15)** be **GRANTED IN PART** and **DENIED IN PART:**

- **IT IS RECOMMENDED** that the motion be **GRANTED** insofar as the City of New Orleans seeks to dismiss Kelvin Francis' claims against Officer Anthony Dupree for failure serve pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.

- **IT IS RECOMMENDED** that the motion be **DENIED** insofar as the City of New Orleans seeks to dismiss Kelvin Francis' claims against Officer Anthony Dupree under Rule 12(b)(6) of the Federal Rules of Civil Procedure as prescribed.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[7]

New Orleans, Louisiana  this 28th day of July, 2011.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[7]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.