UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KELVIN FRANCIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-2498** |
| **OFFICER ANTHONY DUPREE<br>NEW ORLEANS POLICE DEPT.** | **SECTION "A"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915(e)(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

## I.  Factual Summary

The petitioner, Kelvin Francis ("Francis), was incarcerated at the C. Paul Phelps Correctional Center in DeQuincy, Louisiana, at the time of the filing of this *pro se* and *in forma pauperis* complaint.[1]  He has since been released from prison.[2]

---

[1] Rec. Doc. No. 1, Petition. Francis was initially incarcerated at the Orleans Parish Prison. On June 21, 2010, he was transferred to the Phelps Correctional Center. See Rec. Doc. No. 5.

[2] Rec. Doc. No. 25.

Francis alleges that, on July 19, 2009, he was arrested for possession of marijuana and an outstanding traffic ticket.[3] He filed this action against Officer Anthony Dupree ("Dupree") and the New Orleans Police Department claiming that Dupree used excessive force during his arrest.

Specifically, Francis alleges that, while handcuffed face down in the backyard of a friend's house, Officer Dupree jumped on his back with his knees even though he was not resisting arrest. He complains that Dupree lifted him up and while escorting him to the police car, pushed, shoved, and pulled him around causing him to hit the house and fence. He further complains that he also was punched several times during the arrest process. When he arrived at the Orleans Parish Prison on July 19, 2009, the nurse examined him and ordered his transport to University Hospital for treatment.

According to Francis, due to his injuries, he remained in the hospital for further testing and observation for 24 hours by order of a physician. Francis complains that as a result of his experience during the arrest, one year later, he continues to have mobility problems in both shoulders which prevent him from engaging in common activities. He claims that the x-rays and MRI results are on record at University Hospital.

Francis further complains that as a result of his incarceration, he has not been provided the opportunity to receive additional treatment, testing, or pain management. He claims that his pain is severe and that he is entitled to additional testing and rehabilitation for what he described as an injury to his rotator cuff.

Francis seeks compensation for his pain and suffering and punitive damages. He also seeks all reasonable costs, including court fees.

---

[3]Rec. Doc. No. 5.

## II. Procedural Background

On December 9, 2010, the undersigned Magistrate Judge issued a Partial Report and Recommendation recommending dismissal of Francis's claims against the New Orleans Police Department reserving the claims against Dupree for further consideration.[4] The District Judge adopted these recommendations on January 21, 2011 and dismissed the claims against the New Orleans Police Department.[5]

Thereafter, on February 11, 2011, the City of New Orleans filed a Motion to Dismiss seeking to dismiss Francis's claims against Officer Dupree on several grounds.[6] The City argued that the claims against Officer Dupree had prescribed and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). The City also argued that Dupree had not been personally served with the summons and that all claims against him should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5).

On July 28, 2011, the undersigned issued a Report and Recommendation recommending that the motion be denied in part under Fed. R. Civ. P. 12(b)(6) finding that the claims were not prescribed and granted in part under Fed. R. Civ. P. 12(b)(5) for failure to properly serve Dupree.[7] By Order issued August 25, 2011, the District Judge denied the Motion to Dismiss and granted Francis's request to have the Clerk of Court re-issue the summons to Dupree and effect service

---

[4]Rec. Doc. 6.

[5]Rec. Doc. Nos. 10, 11.

[6]Rec. Doc. No. 15.

[7]Rec. Doc. No. 20.

through the U.S. Marshal's Service on or before October 28, 2011.[8] The summons was returned unexecuted on October 11, 2011, marked "incorrect address."[9]

On October 14, 2011, the District Judge granted the plaintiff an extension of time until December 30, 2011, to effect service on Officer Dupree.[10] Dupree did not thereafter file proof of service into the record.

As a result, on January 5, 2012, the undersigned issued a Rule to Show Cause to Francis ordering him to show cause on or before January 25, 2012, by written memorandum or motion why the claims against Dupree should not be dismissed for failure to serve within the extended period of time ordered by the District Judge as required under Fed. R. Civ. P. 4(m).[11] Dupree has not responded to the Court's Rule to Show Cause.

### III. <u>Analysis</u>

Under Fed. R. Civ. P. 4(m), service must be made within 120 days of the filing of the complaint. In this case, summons were issued by the Clerk of Court, and the record does not contain any indication that Dupree was personally served as ordered by the Court. As discussed in detail in the undersigned's prior Report and Recommendation, the delivery of the summons for Dupree at the New Orleans City Hall was not proper service under Fed. R. Civ. P. 4(e) or La. Code Civ. P. art. 1231.[12] That service also was made after expiration of the 120 day period allowed under Fed.

---

[8] Rec. Doc. No. 22.

[9] Rec. Doc. No. 24.

[10] Rec. Doc. No. 26.

[11] Rec. Doc. No. 27.

[12] Rec. Doc. No. 20.

R. Civ. P. 4(m).[13] Dupree still has not corrected the errors raised by the City of New Orleans in the prior Motion to Dismiss, nor has he complied with any of the Court's orders since that motion was addressed.

Fed. R. Civ. P. 41(b) specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. *See* Fed. R. Civ. P 41(b). A Rule 41(b) dismissal is considered an adjudication on the merits. *Id.* In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See e.g. Silas v. Sears, Roebuck & Co.*, 586 F.2d 382 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706 (5th Cir. 1976). Francis is not represented by counsel and is solely responsible for his failure to comply with the Court's orders and the Federal Rules of Civil Procedure. The Court has not received anything from Francis explaining the cause or nature of the continued service delay nor has he made any further inquiries to the Court about his case.

Francis failed to respond to the Court's Rule to Show Cause or submit proper proof of service on Dupree. He therefore has failed to comply with Fed. R. Civ. P. 4(m) and Fed. R. Civ. P. 41(b). Because Francis has continually caused delay in the progress of this action and has failed to take advantage of the opportunities to perfect proper service, his claims should be dismissed with prejudice. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (Rule 41(b) dismissal should be with prejudice "when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions

---

[13]*Id.*

5

would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile."); *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 418 (5th Cir. 2006) (the courts "view a delay between filing and service as being more likely to result in prejudice than a delay occurring after service, for in the former situation the defendant is not put on formal notice and allowed a full opportunity to discover and preserve relevant evidence when the matter is still relatively fresh and the evidence is intact and available.")

## IV. Recommendation

It is therefore **RECOMMENDED** that Francis's claims against Officer Dupree be **DISMISSED WITH PREJUDICE** for failure to serve pursuant to Fed. R. Civ. P. 4(m) and for failure to prosecute under Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[14]

New Orleans, Louisiana, this 13th day of February, 2012.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[14]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.